**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **CHAD R. HAMMOND,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-cv-03149** |
| | ) | |
| | ) | |
| **GRAPHIC PACKAGING, INC.,** | ) | |
| **Defendants.** | ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant's Motion to Dismiss (Doc. 7) Plaintiff's Complaint (Doc. 1-1) pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

Plaintiff is an adult male who has a felony record. (Doc. 1-1 at 34). In the fall of 2022, Plaintiff alleges he completed an online application with Defendant and attended an interview. (*Id*. at 33). Defendant allegedly offered Plaintiff employment contingent upon the results of a background check. (*Id*.). Plaintiff alleges that his job offer was rescinded shortly thereafter due to his felony record. (*Id*.).

On March 17, 2023, Plaintiff filed his Complaint in the Circuit Court of Shelby County, Illinois, alleging discrimination under the Illinois Human Rights Act ("IHRA"). (*See* Doc. 1). On April 20, 2023, Defendant removed the case to this Court. (Doc. 1). On April 27, 2023, Defendant filed its Motion to Dismiss (Doc. 7), to which Plaintiff responded on May 4, 2023. (Doc. 13).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendants fair notice of the claims. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [his] favor." *Id.* A plausible claim is one that alleges factual content from which the court can reasonably infer that the defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. *Id.* Additionally, complaints filed pro se are construed liberally and held to a less stringent standard than those formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

Defendant moves for dismissal arguing Plaintiff: (1) failed to exhaust his administrative remedies; (2) failed to name and serve a proper defendant; and (3) that Plaintiff's allegations regarding "Defendant or Its Employment Agent" are insufficient to state a claim against Defendant. (*See* Doc. 8).

Under Illinois law, a party seeking judicial review of a civil rights claim under the IHRA must first exhaust his administrative remedies by filing a claim with the IDHR, proceeding with an investigation, and obtaining a final order from the department. *Garcia v. Village of Mount Prospect,* 360 F.3d 630, 640 (7th Cir. 2004) ("The administrative process under the Act must be completed before a circuit court can exercise jurisdiction over these

types of claims."); 775 ILCS 5/8-111(B)(1), (D).  The first step of the process requires a complainant to file a charge with the Illinois Department of Human Rights ("IDHR") within 300 days of the alleged civil rights violation, or with the Equal Employment Opportunity Commission ("EEOC"). 775 ILCS 5/7A-102(A-1). A complainant may then commence a civil action only after (1) the IDHR issues a final report, (2) the IDHR  fails to issue a report within 365 days after the complainant files a charge, or (3) the complainant "opts out" of the IDHR investigation by submitting a written request within sixty days of receiving notice that he has the right to opt out. *See Baranowska v. Intertek Testing Servs. NA, Inc.*, 2020 WL 1701860, at *3 (N.D. Ill. Apr. 8, 2020) (citing 775 ILCS 5/7A-102(B), (C-1), (D), (G)). Thus, until the IDHR issues a final order, such as a "Notice of Right to Sue," federal courts are without jurisdiction to hear IHRA claims. *See, e.g., Talley v. Washington Inventory Service*, 37 F.3d 310, 312-13 (7th Cir. 1994) ("judicial review is only available under the Act after the Human Rights Commission has issued a final order on a complaint.").

Based upon the mandatory administrative process, Plaintiff must first have raised his claims by following the comprehensive set of administrative procedures set forth by state statute. 775 ILCS 5/8-111(D).  Plaintiff's Complaint fails to allege any facts that relate to his exhaustion of administrative procedures including, but not limited to, his charge of discrimination filed with the EEOC or the IDHR, or the final notice/order of his right to sue. In fact, Plaintiff concedes that he does not show proof of exhaustion, relying instead on an unsupported argument that he has the right to file an IHRA complaint in

federal court at any time. Even crediting his contention in light of his pro se status, it does not save Plaintiff's claim as he is still required to follow the law.

Because Plaintiff has failed to allege any facts from which the court could conclude that he satisfied the administrative procedures set forth in the IHRA, the Court dismisses his IHRA Complaint without prejudice.[1] *See Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 411 n.11 (7th Cir. 1989) (proper remedy is to dismiss without prejudice when plaintiff fails to exhaust administrative remedies under the IHRA); s*ee also Smuk v. Specialty Foods Group, Inc.*, 2015 WL 135098, at *2 & n.1 (N.D. Ill. Jan. 9, 2015) (collecting cases discussing dismissal without prejudice of IHRA claims for failure to exhaust, even where the plaintiff may not be able to exhaust based on timeliness or other grounds).

For these reasons, Defendant's Motion to Dismiss (Doc. 7) is **GRANTED**. Plaintiff's Complaint (Doc. 1-1) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint within 21 days of this Order.[2] In light of this ruling, the Court **DENIES AS MOOT** both Plaintiff's Motion for Summary Judgment (Doc. 14) and Defendant's Motion for Summary Judgment (Doc. 19) with leave to refile, if necessary.

ENTER: January 31, 2024

/s/ Colleen R. Lawless

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE

---

[1] When a court's ruling is premised on a dispositive claim, such as a failure to exhaust administrative remedies, the court does not need to address the additional reasons for dismissal argued by Defendants. *St. Augustine School v. Underly*, 78 F.4th 349, 357 (7th Cir. 2023) ("They take the position that the district court had an obligation to address all the theories they presented in support of their claim, even if one disposes of the claim in their favor. That is incorrect.").

[2] Although the Court need not address Defendant's remaining reasons for dismissal, the Court admonishes Plaintiff to ensure all defendants in any amended complaint are identified by their correct legal names. *See* Fed. R. Civ. P. 10(a); *Lewis v. Chester Mental Health Ctr.*, 2017 U.S. Dist. LEXIS 57618, at *2-3 (S.D. Ill. Apr. 14, 2017) (holding that defendants must be specified by their legal names as "mere references to other individuals [is] not enough" to uphold a complaint).